IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRYL M. VAXTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of | : | |
| Social Security | : | NO. 09-2038 |

<u>ORDER</u>

AND NOW, this 9th day of June 2010, upon consideration of Plaintiff's Brief and Statement of Issues in Support of her Request for Review (Doc. No. 6), Defendant's Response in opposition thereto (Doc. No. 9), and Plaintiff's Reply in further support thereof (Doc. No. 10), as well as after careful and independent review of the Magistrate Judge's Report and Recommendation (Doc. No. 15), Plaintiff's Objections to the Report and Recommendation (Doc. No. 16), and Defendant's Response to Plaintiff's Objections (Doc. No. 17), it is hereby ORDERED as follows:

1. Plaintiff's Objections (Doc. No. 16) are OVERRULED.

2. The Report and Recommendation (Doc. No. 15) is APPROVED and ADOPTED.

3. Plaintiff's Brief and Statement of Issues in Support of her Request for Review (Doc. No. 6) is DENIED.

4. The Commissioner's decision is AFFIRMED, and judgment is ENTERED in favor of Defendant.

5. The Clerk of Court is directed to close this matter for statistical purposes.

Plaintiff makes two objections to the Magistrate Judge's Report and Recommendation.

This Court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). We may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. However, judicial review of the Commissioner's decision is limited, and the factual findings of the ALJ will be accepted if they are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.1979). If the conclusion of the ALJ is supported by substantial evidence, this Court may not set aside the Commissioner's decision even if we would have resolved the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999); see 42 U.S.C. § 405(g).

First, Plaintiff argues that the Magistrate Judge improperly upheld the ALJ's finding that Plaintiff could perform her past work as a surveillance security system monitor. (Pl.'s Objection R&R 1.) According to Plaintiff, the ALJ conducted an insufficient inquiry into the requirements of Plaintiff's past job and Plaintiff's ability to meet them. (Id. at 2.) More specifically, Plaintiff notes that her past job as a surveillance system monitor required her to sit and watch the surveillance monitor for 90% of the time she spent at work, scanning the casino for suspicious activity, and she also had to work on a computer and complete paperwork. (Id. at 5-6.) Thus, Plaintiff continues, "[i]t is reasonable to assume that in order to perform Plaintiff's job, . . . a certain degree of ability to concentrate would be necessary." (Id. at 6.) Plaintiff argues that the ALJ found that Plaintiff had a moderate impairment in concentration, persistence, and pace, but failed to take that moderate impairment into account when determining that Plaintiff could

perform her past work. (Id. at 2-3.) We disagree.

The ALJ specifically noted Plaintiff's concentration problems and concluded that Plaintiff could perform her past job despite these problems. After thoroughly documenting Plaintiff's reported problems, the ALJ found that "the claimant's statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms are not credible." (Tr. 19.) The ALJ recounted that Plaintiff "reported having no problems handling her own personal care tasks and providing care for her daughter." (Id. at 18.) Plaintiff reported that she had "sufficient concentration to finish things she starts such as preparing meals, paying bills, and doing other household tasks." (Id. at 16, 19.) In addition, Plaintiff admitted that she "can follow instructions, both written and spoken." (Id. at 16, 19.) Moreover, the ALJ took into account notes of Plaintiff's psychiatric visits that indicated that Plaintiff was of "average estimated intelligence" and fair memory "regarding retention and recent, past, and remote memory areas." (Id. at 21.) Plaintiff's thought processes and thought content were described as "normal, sequential, and goal-directed." (Id. at 16.) Finally, while Plaintiff indicated that her past employment was terminated due to attendance problems caused by her mental health symptoms, Plaintiff had previously stated that she stopped working to care for her sick mother. (Id. at 18.) Based on our review of the ALJ's decision and the evidence of record, we find sufficient evidence to support the decision that Plaintiff could perform her past work as a surveillance security system monitor.

In her second objection, Plaintiff argues that the ALJ improperly gave little weight to the opinion of Dr. Carlos Velas, Plaintiff's treating psychiatrist, that Plaintiff's condition was entirely work preclusive. While a treating physician's opinion is usually given substantial

3

weight, an ALJ may disregard such opinions when they are internally inconsistent or inconsistent with the entire record.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).  Here, the written evaluations of Plaintiff's treating psychiatrist have notable internal inconsistencies and inconsistencies with other medical evidence.  For example, Dr. Velas and Plaintiff's therapist both gave Plaintiff GAF scores that indicated that Plaintiff's difficulties were mild to moderate at most and would not prevent her from engaging in substantial gainful work activity.  (Tr. 20, 132, 169.)  Dr. Velas himself indicated that Plaintiff's "thought processes and thought content were . . . noted to be normal, sequential, and goal-directed," and Plaintiff's "memory was indicated to be fair regarding retention and recent, past, and remote memory areas."  (Id. at 21.)  Moreover, while Dr. Velas found that Plaintiff had experienced no significant improvement in July of 2007, Plaintiff's therapist reported in May of 2007 that Plaintiff had in fact experienced improvement regarding handling stress and frustration.  (Id.)  The ALJ also observed that, "[a]t one point[,] the therapist noted that [Plaintiff] was more focused on her Social Security disability claim than on her emotional problems."  (Id.)  Based on the inconsistencies noted within Dr. Velas's own notes and with the notes of Plaintiff's therapist, the ALJ acted appropriately by weighing all of the evidence of record and correctly resolved the inconsistencies by according little weight to the opinion of Dr. Velas.

BY THE COURT:

/S/ LEGROME D. DAVIS

Legrome D. Davis, J.